IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN REVELS, #654284, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF LUPE VALDEZ and BILL HILL, )<br>Defendants. ) | Civil No. 3:11-CV-228-B |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He argues he was unlawfully arrested and jailed for an offense that he did not commit.

A review of Plaintiff's litigation history reveals that Plaintiff has filed over eighty lawsuits in federal court under his own name or under the alias, Jerry Lynn Johns. He has been sanctioned by the Eastern District of Texas, the Southern District of Texas and the Fifth Circuit Court of Appeals for his persistence in filing frivolous lawsuits and abusing the judicial process. *See Revels v. Director*, No. 9:97-CV-207 (E.D. Tex.) (petitioner sanctioned $100.00 and barred from filing further cases until the sanction is paid); *In re Revels*, No. 98-11423 (5th Cir., December 23, 1998) (petitioner barred from filing any *pro se* habeas pleading in the Fifth Circuit or any court subject to its jurisdiction without advance written permission from a judge of the forum court). Plaintiff has been assessed over $500.00 in sanctions, none of which have been satisfied. *See Revels v. Bobbitt*,

9:08-CV-066 (E.D. Tex.) (dismissing case on May 21, 2008 pursuant to prior sanctions). The U.S. District Court for the Southern District of Texas entered an order directing that all mail received from Revels be returned to him unopened with the statement "Frivolous Filer, return to sender." *See Revels v. Argo*, No. 4:07-CV-3027 (S.D. Tex.) (dismissed September 25, 2007).

Pursuant to Miscellaneous Order No. 48 (N.D. Tex.), filed on Nov. 16, 1993, this Court observes and enforces sanctions imposed against inmates by other federal courts in Texas. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of a prisoner's federal action based on district court's policy of enforcing sanctions imposed by other federal courts in Texas). Based upon the sanctions previously imposed against Plaintiff, this Court concludes that he should not be permitted to pursue the instant action until such time as he has satisfied the sanctions or has permission to proceed from a judicial officer.

**RECOMMENDATION**:

For the foregoing reasons, the Court recommends that this case be dismissed without prejudice to Plaintiff's right to re-file upon obtaining permission from a judicial officer or upon demonstrating that he has complied with all outstanding sanction orders.

Signed this 23rd day of February, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).